UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-CR-80144-Smith/Matthewman

UNITED STATES OF AMERICA,

v.

WILMER HOLIDEY CASTELLANOS-ALMENDARES,

Defendant.

_____/



## **PRETRIAL DETENTION ORDER**

The Court, pursuant to 18 U.S.C. § 3142, commonly known as the Bail Reform Act of 1984, hereby ORDERS the Defendant, WILMER HOLIDEY CASTELLANOS-ALMENDARES, detained pursuant to the provisions of Sections (b), (e) and (f).

### I. **Preliminary Issue: Can This Court Consider Defendant's Alleged Dangerousness?**

The preliminary issue here is whether, under the facts of this case, the Court can legally consider Defendant's alleged dangerousness when deciding the Government's motion for pretrial detention. Or, to put it another way, is the Court constrained from considering a defendant's alleged dangerousness when the Government has a statutory basis to move for a detention hearing under the serious risk of flight prong of 18 U.S.C. § 3142(f)(2)(A) , but does not have a statutory basis to move for a detention hearing on dangerousness grounds under 18 U.S.C. § 3142(f)(1)(A)-(E) or § 3142(f)(2)(B)?

The Government moved for pretrial detention of Defendant on the basis that he presents a substantial or serious risk of flight or nonappearance and a danger to the community. However,

1

this case does not fit under any sections of the Bail Reform Act which permit the Government to move for pretrial detention in the first instance on dangerousness grounds. *See* 18 U.S.C. § 3142(f)(1)(A)-(E) and (f)(2)(B). Instead, the facts of this case only allow the Government to move for a pretrial detention hearing under the serious risk of flight prong per § 3142(f)(2)(A).

Defense counsel argued at the detention hearing that, under the federal pretrial detention statute, the Government cannot move in this case for detention on the basis that Defendant is a danger to the community. Further, according to defense counsel, the Court cannot consider Defendant's alleged dangerousness in determining whether Defendant should be detained or released in this case. Defense counsel pointed out that illegal reentry is not a delineated crime in 18 U.S.C. § 3142(f)(1)(A)-(E). Defense counsel also asserted that there is no evidence under (f)(2)(B) that there is a "serious risk that such person will obstruct justice, or threaten, injure, or intimate, or attempt to threaten, injure, or intimidate, a prospective witness or juror." 18 U.S.C. § 3142(f)(2)(B). Therefore, according to Defendant, the Government cannot move for pretrial detention under dangerousness grounds of the Bail Reform Act, and, further, this Court cannot consider Defendant's alleged dangerousness in determining whether Defendant should be detained or released.

Defense counsel did concede that the Government was entitled to a detention hearing under 18 U.S.C. § 3142(f)(2)(A), which provides for a hearing if there is "a serious risk that such person will flee." 18 U.S.C. § 3142(f)(2)(A). However, defense counsel maintained that, since the Government could not move for a detention hearing on the basis that Defendant is a danger to the community or any person, the Government could not seek detention on the danger prong; rather, in defense counsel's view, the Government could solely argue that Defendant should be detained as a

2

serious risk of flight or nonappearance, and the Court could not consider Defendant's alleged danger to any person or the community in its detention analysis and decision.

In response, the Government maintained that 18 U.S.C. § 3142(f) establishes when the Court should hold a detention hearing, while 18 U.S.C. § 3142(g) contains the factors to be considered by the Court in determining whether to detain the defendant. According to the Government, the triggering mechanism for holding a hearing in this case is serious risk of flight under 18 U.S.C. § 3142(f)(2)(A), but, once there is a basis to hold a detention hearing, the Court is required to consider if any conditions of release would ensure the safety of the community and the appearance of Defendant pursuant to 18 U.S.C. § 3142(g).

## II. Court's Analysis

The Court agrees with the Government's reading of the federal pretrial detention statute. Conversely, the Court disagrees with Defendant's argument that the Court cannot consider Defendant's alleged danger to any person or the community in its decision to release or detain Defendant. This law is clear that section 3142(f) lays out when the "judicial officer shall hold a hearing to determine whether any condition or combination of conditions set forth in subsection (c) of this section will reasonably assure the appearance of such person as required and the safety of any person and the community." 18 U.S.C. § 3142(f). Under section (f)(2)(A), the court shall hold a detention hearing "upon motion of the attorney for the Government or upon the judicial officer's own motion in a case that involves a serious risk that such person will flee." 18 U.S.C. § 3142(f)(2)(A). Therefore, in the case at hand, the Court was required to hold a detention hearing on the Government's motion that Defendant is a serious risk of flight or nonappearance.

Next, Section 3142(g) specifically states that the "judicial officer **shall**, in determining

3

whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any person and the community" consider certain factors which are then listed in § 3142(g)(1)-(4). 18 U.S.C. §3142(g) (emphasis added). The fourth factor that the court is to consider is "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g)(4). Thus, the plain meaning of the statute is that, once a court has a basis to hold a detention hearing, that court is **required** to consider whether there are any conditions of release that will reasonably assure the safety of any person and the community, and the court is also required to consider the nature and seriousness of the danger to any person or the community that would be posed by the person's release. This interpretation makes perfect sense and, further, is required by the plain language of the Bail Reform Act.

This interpretation of the statute is also supported by a case from the Southern District of Florida, *United States v. Holmes*, 438 F. Supp. 2d 1340 (S.D. Fla. 2005). The court in *Holmes* found that

> dangerousness as a grounds for detention is not excluded in cases involving detention hearings brought under (f)(2). This conclusion is based on a plain reading of the statute's unambiguous language and structure, the Act's legislative history, and the *Johnson*[1] and *Singleton*[2] courts' analyses. This Court is convinced that Congress intended that dangerousness be considered in all instances whether arising under subsection (f)(1) or (f)(2).

*Id.* at 1351; *see also United States v. Miller*, No. 18-80241-CR, 2018 WL 6977619, at *3 (S.D. Fla. Dec. 13, 2018) (citing *Holmes* for the premise that, once a hearing is properly invoked, the court can consider other grounds in making a detention decision). This Court agrees with the *Holmes* court.

If Defendant's position were accepted, it would mean that in a case where the Government

---

[1] *United States v. Singleton*, 182 F.3d 7, 12 (D.C.Cir.1999)
[2] *United States v. Johnson*, 399 F.3d 1297 (11th Cir.2005)

4

is statutorily authorized to move for pretrial detention on the serious risk of flight prong in the first instance, but is not statutorily authorized to move for pretrial detention on the basis of dangerousness in the first instance, the Court could simply never consider a defendant's alleged dangerousness in determining detention or conditions of release. This makes no sense. If the Court, at a detention hearing properly sought by the Government under the Bail Reform Act on serious risk of flight grounds, determines that, based on the facts, proffer, testimony, and argument presented, the release of the defendant would constitute a danger to the community or a person in the community, the Court cannot simply turn a blind eye to those facts. In such a case, the Court is required by the Bail Reform Act to consider a defendant's alleged dangerousness as this Court will do in the instant case.

In sum, even if the Government, in a case such as this one, only has statutory grounds to request a detention hearing on the basis that the defendant is a serious risk of flight or nonappearance, the Government can still move for detention and present evidence on the additional ground that the defendant is a danger to another person or to the community, and therefore no conditions of release "will reasonably assure the safety of any person or the community." 18 U.S.C. § 3142(g). This is so because the Court must consider dangerousness in determining whether any condition or conditions of release can be fashioned which would "reasonably assure the appearance of the person as required and the safety of any person and the community." 18 U.S.C. § 3142(g). Accordingly, the court is required to consider both the serious risk of flight or nonappearance and the danger to the community prongs once the court finds grounds to hold a detention hearing in the first place.

### III. Findings Regarding Pretrial Detention

After conducting a detention hearing in this case on August 14, 2019, the Court specifically finds that no conditions or combination of conditions will reasonably assure the appearance of Defendant or the safety of the community and a person within the community as required. The Court makes the following findings of fact with respect to this order for detention:

**Factors:**

**a) The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug.**

Defendant is charged by Criminal Complaint[3] with illegal re-entry into the United States, in violation of 8 U.S.C. § 1326(a) and (b)(1). If convicted, he is facing up to ten years in prison, up to three years of supervised release, and up to a $250,000 fine. The offense with which Defendant is currently charged does not involve a crime of violence or a narcotic drug. However, Defendant is not legally in the United States.

**b) The weight of the evidence against Defendant.**

The weight of the evidence against Defendant is substantial. The Court takes judicial notice of the information in the Criminal Complaint. The following evidence was established by the Criminal Complaint, the Government's proffer, and the cross-examination of Deportation Officer Andy Korzen of ICE.

On or about February 17, 2019, Defendant was arrested in Palm Beach County, Florida, on an outstanding warrant for aggravated battery (pregnant person), child abuse, and tampering with a witness. Defendant was booked and detained at the Palm Beach County Jail. Upon booking, his fingerprints were entered into the IAFIS system, and there was a positive match for an individual

---

[3] An Indictment was issued after the detention hearing concluded.

previously removed from the United States.

Defendant's immigration alien file showed that Defendant is a native and citizen of Honduras. Records showed that Defendant was removed from the United States to Honduras on or about April 18, 2008. Thereafter, he re-entered the United States illegally and was removed to Honduras on or about June 13, 2014, for a second time. Records further showed that, on or about April 7, 2008, Defendant was convicted of the felony offense of possession of cocaine. A fingerprint comparison confirmed that Defendant was previously removed from the United States. A record check revealed that Defendant has not obtained consent from the United States Government for re-admission into the United States.

### c) The history and characteristics of Defendant.

The Court takes judicial notice of the Modified Pretrial Services Report. Defendant was born in 1980 and is a native and citizen of Honduras. He has an outstanding warrant of removal pending. According to Deportation Officer Korzen, Defendant failed to appear for his immigration hearings surrounding both of his previous removals from the United States.

### d) The criminal history of Defendant.

Defendant has been arrested for failure to appear in the past. He has been convicted of driving without a proper driver's license and possession of cocaine.

In 2019, Defendant was charged with aggravated battery on a pregnant person and child abuse. He pled guilty to misdemeanor battery and served 163 days in jail with credit for time served. The child abuse charge was dropped. According to the Government, Defendant punched his pregnant significant other with a closed fist, told his significant other's child that he could have killed the child if they resided in Honduras instead of the United States, and broke down the bathroom door. Defendant's pregnant significant other sustained injuries from the battery that

required a six-day hospital stay. Additionally, Defendant interfered with the victim's 911 call by taking her phone away from her. These are very serious allegations.

### e) The likelihood of Defendant's appearance in court if released.

This Court finds that the Government has shown by a preponderance of the evidence that there is no condition or combination of conditions of release that will reasonably assure Defendant's presence if Defendant is released. The Court finds that there is a serious risk that Defendant will flee or fail to appear if released. Based on the nature of the charges, the weight of the evidence, the prison sentence Defendant is facing, Defendant's two prior removals from the United States, his criminal history, his past failure to appear in a criminal matter, his failure to appear for immigration court, his ties to a foreign country, his ability to surreptitiously cross the border, the fact that he has an immigration detainer on him, the fact that he cannot work legally in the United States, and his lack of legal status in the United States, this Court finds Defendant is a substantial or serious risk of flight or nonappearance.

### f) The nature and seriousness of the danger to any person or the community that would be posed by Defendant's release.

The Court also finds the Government has shown by clear and convincing evidence that there is no condition or combination of conditions of release which will reasonably assure the safety of the community or the safety of any person in the community if Defendant is released. In light of the Government's evidence against Defendant, his criminal history, including a battery conviction involving violence against a pregnant woman, the fact that he allegedly threatened a child, and the fact that he allegedly interfered with his significant other's phone call to the authorities during the attack, the Court finds that the Government has shown by clear and convincing evidence that Defendant is a danger to the community. Further, the Government has

shown that Defendant is a clear danger to the woman whom he allegedly battered while she was pregnant and to her minor child who he threatened with violence. The Court specifically finds that release of Defendant will threaten the safety of both those persons as he is a danger to both of them.

Accordingly, it is hereby **ORDERED** that Defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The Court directs that Defendant be afforded reasonable opportunity for private consultation with counsel; and the Court directs that, on order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which Defendant is confined deliver Defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

**DONE and ORDERED** in Chambers at West Palm Beach in the Southern District of Florida, this 20th day of August, 2019.

WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE